UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,**

          **Plaintiffs,**

v.                                                                                  Case No. 3:04-CV-375-MCR/EMT

**JAMIE KLEIN,**

          **Defendant.**
_____/

## DEFAULT JUDGMENT ORDER

THIS MATTER comes before the Court upon Plaintiffs' Application For Entry of Default Judgment By The Court (doc. 10). The Court has reviewed the record in its entirety and finds that Plaintiffs' motion is due to be GRANTED.

*A. Relevant Facts*

Plaintiffs are the copyright owners or licensees of the copyrighted sound recordings at issue in this action.[1]  As such, Plaintiffs enjoy exclusive rights in the recordings, including the rights to reproduce and distribute the recordings to the

---

[1] The following copyrighted music recordings are alleged to have been infringed in the instant case: "You Were Meant for Me" by Jewel; "Right Here Waiting" by Richard Marx; "Come On Over" by Shania Twain; "Sweet Child O' Mine" by Guns N Roses; "Bug A Boo" by Destiny's Child; "Don't Know Why" by Norah Jones; "Crash Into Me" by Dave Matthews Band; and "Ms. Jackson" by Outkast.  The validity of Plaintiffs' copyrights in these recordings is undisputed.

public. The Complaint (doc. 1) alleges that Defendant has used, and continues to use, an online media distribution system to download eight of Plaintiffs' copyrighted sound recordings. Defendant is not, nor has she ever been, authorized to download and/or publicly distribute Plaintiffs' copyrighted recordings. By doing so, Defendant has infringed upon Plaintiffs' copyrights and violated their exclusive rights of reproduction and distribution. Plaintiffs contend that Defendant's infringement has been willful and intentional, and that Defendant's conduct is causing and will continue to cause them irreparable injury by making Plaintiffs' recordings vulnerable to repeated, widespread infringement. As relief, Plaintiffs seek statutory damages for infringement of each of the copyrighted sound recordings, injunctive relief and costs.

### B. Analysis

#### 1. Default Judgment

Plaintiffs filed the instant case on October 29, 2004. Defendant was served with the complaint on November 18, 2004, and subsequently sent two separate letters advising her that Plaintiffs would seek a default judgment if she failed to respond. Defendant Klein failed to file a responsive pleading or otherwise defend in this action, and as a result, the Clerk of Court entered Default against her on February 17, 2005. (Doc. 9). As a result, Defendant is deemed to have admitted the factual allegations in the complaint. See Nishimatsu Construction Co., LTD v. Houston National Banks, 515 F. 2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact....").[2] However, such default does not automatically warrant an entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. See id. "There must be a sufficient basis in the pleadings for the judgment entered." Id. "In short..., a default is not

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

**treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id.  As a result, the court must determine whether the well-pleaded facts of Plaintiffs' complaint support Defendant Klein's liability for the claims alleged.**

**Defendant, by her default, has admitted that she downloaded Plaintiffs' copyrighted musical recordings listed in the complaint without Plaintiffs' authorization.  She further admits that she does not now, nor has she ever, had Plaintiffs' permission to download or distribute such recordings.  Upon review, the Court finds that the facts alleged in the complaint warrant entry of default judgment and establish Defendant's liability for copyright infringement.  See Arista Records, Inc. v. Beker Enters., Inc., 298 F.Supp.2d 1310, 1311-12 (S.D. Fla. 2003) (citing Sony Music Entm't, Inc. v. Global Arts Prod., 45 F.Supp.2d 1345, 1347 (S.D. Fla 1999) (default establishes liability in copyright infringement cases)); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003) (swapping computer files containing popular music, which involves the making and transmitting of a digital copy of the music, infringes copyright).  Consequently, Defendant is liable to Plaintiffs for infringement of their exclusive rights under federal copyrights laws for each of the eight copyrighted sound recordings that she illegally downloaded.**

**2. Statutory Damages**

**In the instant case, Plaintiffs seek statutory damages for each act of infringement.[3]  Section 504(a) of the Copyright Act provides that a copyright infringer**

---

[3] Title 17, United States Code, Section 504 provides, in relevant part:

(c) Statutory damages –
(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually...in a sum of not less than $750 or more than $30,000 as the court considers just...

(2) In a case where the copyright owner sustains the burden of

is liable to the copyright owner for either actual damages or statutory damages. 17 U.S.C. § 504(a)(1)-(2); see also Sony Music Entm't, Inc. v. Elias, 2004 WL 141959 (C.D. Cal. 2004). Section 504(c) allows a copyright owner to elect to recover statutory damages in lieu of actual damages and profits. See 17 U.S.C. § 504(c)(1); Nintendo of America, Inc. v. Ketchum, 830 F.Supp. 1443, 1445 (M.D. Fla. 1993). Statutory damages are set at a sum of not less than $750 or more than $30,000 in the Court's discretion. 17 U.S.C.A. § 504(c)(1) (2000 & Supp. 2003); Arista Records, Inc., 298 F.Supp.2d at 1312.

Plaintiffs request that the court award them $750.00, the statutory minimum amount, for infringement of each of the eight copyrighted musical recordings for a total award of $6,000.00 in statutory damages. The Court has broad discretion in determining the amount of damages within the statutory limits and the need for a hearing on the issue of damages. Nintendo of America, Inc., 830 F.Supp. at 1445 (citing Cable/Home Communication Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990)); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 64 (1st Cir. 2002); Arista Records, Inc., 298 F.Supp.2d at 1312. Although Defendant's default establishes her liability, the court "is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." Flynn v. Mastro Masonry Contractors, 237 F.Supp.2d 66, 69 (D.D.C. 2002). In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate amount of damages. Id. (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). When the amount of damages is capable of mathematical calculation with relative simplicity, a hearing is not required. Id.

In the instant case, Plaintiffs seek only the statutory minimum amount of damages for each of Defendant's infringements. Accordingly, because the amount

---

proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

18 U.S.C.A. § 504(c)(1)-(2) (2000 & Supp. 2003).

of damages is easily ascertainable from the complaint, the Court finds that an evidentiary hearing on damages is not warranted in this case. Upon review, the Court finds that Plaintiffs are entitled to statutory damages in the amount of $750.00 for each of the eight infringements alleged in the complaint for a total amount of $6,000.00.[4]

### 3. *Injunctive relief*

Plaintiffs seek a permanent injunction enjoining Defendant from further infringing upon their copyrights and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights as copyright owners. District courts are specifically granted authority to issue injunctions in copyright cases in order to restrain further infringement. 17 U.S.C. § 502(a)[5]; Blue Seas Music, Inc. v. Fitness Surveys, Inc., 831 F.Supp. 863, 865 (N.D. Ga. 1993); Arista Records, Inc., 298 F.Supp.2d at 1314 (citing Pacific & Southern Co., Inc. v. Duncan, 744 F.2d 1490, 1499, n. 17 (11th Cir. 1984)). Courts regularly issue injunctions as part of default judgments. Arista Records, Inc., 298 F.Supp.2d at 1314 (citing Sony Music Entm't, Inc., 45 F.Supp.2d at 1347-48). Injunctive relief in copyright cases is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement. Sony Music Entm't, Inc., 45 F.Supp.2d at 1348 (citing Walt Disney Co. v. Powell, 897 F.2d 565, 568 (D.C. Cir. 1990)). In such cases, a district court ought to issue a permanent injunction protecting present works and works not yet created. Id. (citing Pacific & Southern Co., Inc., 744 F.2d at 1490).

In the instant case, Plaintiffs seek a permanent injunction. The four elements

---

[4] Statutory damages may be awarded for each act of infringement. See Nintendo of America, Inc., 830 F.Supp. at 1445; 17 U.S.C. § 504(c).

[5] Specifically, § 502 provides:
(a) Any court having jurisdiction of a civil action arising under this title may...grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a).

required for granting a permanent injunction are: (1) irreparable harm; (2) success on the merits; (3) a balancing of competing claims of injury to the parties; and (4) consideration of the public interest. <u>Sony Music Entm't, Inc.</u>, 45 F.Supp.2d at 1348 (citing <u>Warren Pub., Inc. v. Microdos Data Corp.</u>, 115 F.3d 1509, 1516 (11th Cir. 1997)). In copyright cases, irreparable harm is presumed upon a showing of reasonable likelihood of success on the merits. <u>Id.</u> In a default case, a plaintiff need not demonstrate irreparable harm, as the default against a defendant satisfies the element of success on the merits. <u>Id.</u> (citing <u>Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc.</u>, 65 F.R.D. 46, 48 (D.P.R. 1974) ("When a court determines...that a defendant is in default, its liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover.")).

In the instant case, the entry of default against Defendant satisfies the element of success on the merits and thus, Plaintiffs need not demonstrate irreparable injury. <u>See</u> <u>id.</u>; <u>Elias</u> 2004 WL 141959 (C.D. Cal. 2004). As to the third and fourth elements for granting a permanent injunction, the Court finds that the balance tips in favor of granting Plaintiffs' request for permanent injunctive relief. <u>See</u> <u>id.</u> Defendant's use of an online media distribution system has left Plaintiffs' copyrighted recordings subject to repeated and widespread infringement. There is no evidence before the Court to demonstrate that Defendant has ceased infringing upon Plaintiffs' copyrighted recordings or that she will cease doing so absent an injunction. <u>See Arista Records, Inc.</u>, 298 F.Supp.2d at 1315. Defendant's failure to respond to Plaintiffs' complaint or appear at all in this action suggests that she does not appreciate the seriousness of her actions or the illegality of her activity. <u>See id.</u>; <u>Elias</u> 2004 WL 141959 (C.D. Cal. 2004). In light of the nature of Defendant's infringement, the need to protect Plaintiffs' copyrighted works and the public interest, the Court finds that a permanent injunction is necessary to prohibit Defendant from continued infringement upon Plaintiffs' copyrighted music. <u>See id.</u>; <u>Sony Music Entm't, Inc.</u>, 45 F.Supp.2d at 1347.

Plaintiffs also seek protection for future works. They argue that, because

Plaintiffs continually create new sound recordings that could be vulnerable to infringement if the injunction were limited to protection of existing recordings and that an injunction limited to existing works would necessitate new litigation to redress each future infringement, the injunction sought in this case should include protection for future works. Upon review of the facts and pleadings in this case, the Court finds that such an injunction against further acts of infringement is warranted. See <u>Elias</u> 2004 WL 141959 (C.D. Cal. 2004). Thus, in accordance with standard practice in copyright cases, the injunction to be granted in the instant case shall cover copyrighted sound recordings currently in existence and those created by Plaintiffs in the future. See <u>Arista Records, Inc.</u>, 298 F.Supp.2d at 1315; <u>see</u> <u>also</u> <u>Princeton Univ. Press v. Michigan Document Servs., Inc.</u>, 99 F.3d 1381, 1392 (6th Cir. 1996) (weight of authority supports extension of injunctive relief to future works); <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent injunction included works created in the future).

### 3. Costs

Finally, Plaintiffs seek recovery of costs incurred in this action. Pursuant to § 505 of the Copyright Act, the Court may allow "full costs" at its discretion. 17 U.S.C. § 505. Generally, courts award costs on default judgment upon affidavit delineating plaintiff's costs submitted with the Application for Default Judgment. <u>Elias</u> 2004 WL 141959 (C.D. Cal. 2004). Here, Plaintiffs have submitted the affidavit of Meredith A. Frank who avers that Plaintiffs have incurred costs totaling $223.00 for filing and service of process fees. (Doc. 11, p. 2, ¶ 5). The Court, in its discretion, finds that Plaintiffs' request for costs is reasonable and will grant the request in the amount of $223.00.

Accordingly, it is hereby ORDERED:

1) Plaintiffs' Application For Entry of Default Judgment By The Court (doc. 10) is GRANTED;

2) Plaintiffs request for statutory damages is GRANTED and Plaintiffs are awarded $750.00 for each of the eight infringements

of their copyrighted sound recordings for a total of $6000.00 in statutory damages;

3) Plaintiff's request for a permanent injunction is GRANTED. Defendant is permanently enjoined from directly or indirectly infringing upon Plaintiffs' rights under federal or state law in the copyrighted recordings at issue in this case and any other copyrighted sound recordings owned or controlled by Plaintiffs and their affiliates. This injunction shall apply to works currently in existence and to future works created by Plaintiffs and their affiliates. Defendant shall destroy any and all copies of Plaintiffs' copyrighted sound recordings that infringe upon Plaintiffs' exclusive rights under the Copyright Act; and

4) Plaintiffs' request for costs is GRANTED and Plaintiffs are awarded costs in the amount of $223.00.

**ORDERED on this 3rd day of May, 2005.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**